UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JERRY WOODSON, *et al.*,

    Plaintiffs,

v.                                                 Case No. 8:12-cv-01084-T-30AEP

FLORIDA DEPARTMENT OF
AGRICULTURE AND CONSUMER
SERVICES, *et al.*,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

Proceeding *pro se*, Plaintiffs[1] have filed a Complaint alleging several violations against the Florida Department of Agriculture and Consumer Services, as well as the several employees employed therein. (Dkt. No. 1.) Although it is unclear, it appears that Plaintiff alleges that Defendants wrongfully closed down three of his businesses by revoking his license to operate said businesses, and accordingly seeks to recover damages, including punitive damages, and declaratory and injunctive relief. Currently before the Court are Plaintiff's Complaint (Dkt. No. 1), Civil Rights Complaint Form (Dkt. No. 2), and Affidavit of Indigency (Dkt. No. 3.), which

---

[1] As an initial matter, the Court notes that Plaintiff, Jerry Woodson, also names Security Guard School and Investigation, Inc., Woodson Security Co., and Woodson Bail Bonds as additional Plaintiffs in this action. However, and as will be more fully discussed, the only coherent claim that Plaintiff, Jerry Woodson, asserts in his Complaint is that under 42 U.S.C. § 1983. Because business entities, such as Jerry Woodson's companies, are not considered "citizens" within the meaning of Section 1983, the said companies lack standing to bring a claim pursuant to Section 1983. *See L.S.T., Inc. v. Crow*, 49 F.3d 679, 682, 685 n.6 (11th Cir. 1995) (citing *Hague v. Comm. for Indus. Org.*, 307 U.S. 496, 514 (1939)). Therefore, the Court will hereinafter refer to only one Plaintiff, Jerry Woodson, in discussing this matter.

the Court construes as a motion for leave to proceed *in forma pauperis*. For the reasons that follow, I recommend that Plaintiff's construed motion for leave to proceed *in forma pauperis* be denied and his Complaint be dismissed.

The Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security therefor. 28 U.S.C. § 1915(a)(1) (2006). When an application to proceed *in forma pauperis* is filed, the Court must review the case and dismiss it *sua sponte* if the Court determines the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). An action is frivolous where the allegations are "clearly baseless," "fanciful," "fantastic," "delusional," or it "lacks an arguable basis in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31-33 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325-28 (1989)). Accordingly, where a district court determines from the face of the complaint that the factual allegations are clearly baseless or the legal theories are indisputably without merit, the court may conclude a case has little or no chance of success and dismiss the complaint before service of process. *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).

Dismissal for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal under Rule 12(b)(6), Federal Rules of Civil Procedure. *Leonard v. FBI*, 405 Fed. Appx. 386, 387 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). Namely, dismissal for failure to state a claim is appropriate if the facts, as plead, fail to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing a complaint, courts hold *pro se* pleadings to a less stringent

2


standard and therefore construe the complaint more liberally. *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998) (*per curiam*) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."). Although courts afford liberal construction to *pro se* litigants' pleadings, litigants appearing *pro se* must adhere to the procedural requirements of the Federal Rules of Civil Procedure as well as the Local Rules for the Middle District of Florida. *McNeil v. U.S.*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) ("And although we are to give liberal construction to the pleadings of *pro se* litigants, 'we nevertheless have required them to conform to procedural rules.'") (citation omitted); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* IFP litigant is in court, he is subject to the relevant laws and rules of court, including the Federal Rules of Civil Procedure.").

Plaintiff's Complaint is deficient for several reasons. To begin, the Complaint fails to conform with Rule 10, Federal Rules of Civil Procedure, which requires Plaintiff to state his claims in "numbered paragraphs, *each limited as far as practicable to a single set of circumstances*." Fed. R. Civ. P. 10(b) (emphasis added). Plaintiff's incoherent narrative, which serves as his Complaint, lists a number of different statutes, cases, and constitutional references, yet fails to link any of this support to factual allegations.[2]  Although the Complaint is in

---

[2] The Court does not bear the responsibility of reviewing and deciphering a rambling narrative in an attempt to determine the number and nature of a plaintiff's claims. *See GJR Invs., Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds as recognized in*, *Randall*, 610 F.3d at 709, (holding that while courts should show leniency to *pro se* litigants, "this leniency does not give a court license to serve as *de facto*

numbered paragraphs, each paragraph is not limited to a single set of circumstances, as is required. Therefore, the Court cannot determine which claims Plaintiff is actually asserting.

From what the Court was able to decipher, Plaintiff first seeks to assert claims under 18 U.S.C. §§ 241 and 242. These statutes are criminal, however, and "the power to prosecute criminal cases is vested exclusively in the Executive Branch." *O'Berry v. State Attorneys Office*, 241 Fed. Appx. 654, 657 (11th Cir. 2007). Plaintiff cannot "force the U.S. Attorney General to bring a criminal prosecution against the [D]efendants." *Id*. Even construing Plaintiff's Complaint broadly as the Court is required to do, the only cognizable claims by Plaintiff are those arising under 42 U.S.C. § 1983[3] because these claims are civil in nature. Thus, Plaintiff's claims under Sections 241 and 242 do not state a claim for which relief can be granted and should be dismissed.

While Plaintiff appears to assert claims under Section 1983, these claims are also lacking and should likewise be dismissed. In order for a plaintiff to succeed on a Section 1983 claim, the plaintiff "must assert a violation of a federal right, not merely a violation of a federal law." *Blessing v. Freestone*, 520 U.S. 329, 340 (1999). Here, it is unclear which right(s) Plaintiff alleges Defendants have violated. Plaintiff has not plead enough facts to show that his rights

---

counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain an action").

[3]Section 1983 provides in relevant part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, or any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States . . . within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . ."

have been violated simply because Defendants allegedly revoked his licenses and closed down his businesses. Because Plaintiff has not plead that he was deprived of a right, he has not stated a claim upon which relief can be granted.

Further, Plaintiff's Section 1983 claims are likewise procedurally deficient. Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court articulated in *Ashcroft v. Iqbal* that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." 556 U.S. at 678. Specifically, this Circuit has held that pleadings in Section 1983 cases must comply with the standards set forth in *Iqbal*. *See Randall v. Scott*, 610 F.3d 701, 709-710 (11th Cir. 2010) (stating that when considering a motion to dismiss, the process for the district court is to first determine whether legal conclusions are supported by adequate factual allegations, and if so, to accept "well pleaded factual allegations [as] true, and then determine whether they plausibly give rise to an entitlement to relief"). In this case, Plaintiff fails to articulate any intelligible or decipherable facts in order to form a basis for Plaintiff's claims, other than bald assertions regarding the close of Plaintiff's businesses.[4] As such, Plaintiff clearly fails to comply with the pleading standards set forth in Rule 8 of the Federal Rules of Civil Procedure.

Lastly, because Plaintiff is appearing *pro se*, he can only represent himself and cannot

---

[4]The Court notes that Plaintiff attempted, in his Civil Rights Complaint Form (Dkt. No. 2, 8), to allege "color of law violation[s]", however, even when prompted by the questionnaire to state specific facts, rights, and relief, Plaintiff failed to do so (Dkt. No. 2, 8-9).

represent his former or existing companies. Specifically and as previously noted by the Court, Security Guard School and Investigation, Inc., Woodson Security Co., and Woodson Bail Bonds, are corporations and/or business entities, and as such, are required to be represented by counsel. *See Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel."); *see also* M.D. Fla. Local Rule 2.03(e). Therefore, once again, Plaintiff fails to conform to the procedural rules, and his claims fail to assert any cause of action upon which relief may be granted.

Accordingly, and after due consideration, it is hereby **RECOMMENDED** that:

1) Plaintiff's construed motion for leave to proceed *in forma pauperis* (Dkt. No. 3) be **DENIED**;

2) Plaintiff's Complaint (Dkt. No. 1) be **DISMISSED**; and

3) The case be closed.

**IT IS SO REPORTED** in Tampa, Florida, this 17th day of October, 2012.

ANTHONY E. PORCELLI
United States Magistrate Judge

## NOTICE TO PARTIES

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. 1982) *(en banc).*

Copies furnished to:

Hon. James S. Moody, Jr.
Plaintiff, *pro se*